**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paula Boyd,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>United States of America, et al.,<br><br>　　　　Defendant. | No. CV-10-1252-PHX-GMS<br><br>**ORDER** |

Pending before this Court is the Motion to Dismiss (Doc. 8) for lack of subject matter jurisdiction filed by Defendants United States of America, and its agency, the United States Customs and Border Protection Service ("CBP") (collectively "USA"). For the reasons stated below, the Court grants the Motion to Dismiss.

**BACKGROUND**

On October 6, 2007, Plaintiff Paula Boyd ("Boyd") and her husband were crossing into the United States from Mexico at a CBP Inspection Station at San Luis, Arizona. The couple was towing a forty-foot long fifth-wheel trailer with a Ford F250 truck. Plaintiff contends that a CBP officer ("officer") directed her husband to "make a hard right turn" into a secondary inspection bay. While trying to make the turn the husband hit a concrete pole and/or embankment. Thereafter, Plaintiff alleges, she was instructed by the officer to exit the truck and assist in directing her husband into the inspection bay by standing at the back of the trailer and signaling to the officer, who in turn, would signal to the driver. During the

course of this process Plaintiff avers that the officer became distracted and missed her signal to "stop" the vehicle, thereby causing the husband to continue driving the vehicle in reverse and causing Plaintiff's hand to become crushed between a concrete pole/embankment and the trailer. Plaintiff asserts that under the Federal Tort Claims Act ("FTCA") the U.S. is liable for the injuries she sustained while attempting to direct the vehicle into the inspection bay.

## DISCUSSION

### I.     Legal Standard

The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the Court. *See* FED. R. CIV. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court is not limited to the allegations in the pleadings if the "jurisdictional issue is separable from the merits of [the] case." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). The Court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine*, 704 F.2d at 1077; *see Roberts*, 812 F.2d at 1177. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a facial attack, the Court must accept the allegations within the Complaint as true and construe them in a light most favorable to the claimant. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Dismissal is improper unless it appears beyond doubt that Plaintiff can prove no set of facts supporting her claim that would entitle her to relief. *Id*.

### II.    Analysis

Defendants move to dismiss Plaintiff's negligence claim because it falls within the

FTCA's "detention of goods" exception to the United States' waiver of sovereign immunity.[1] The FTCA authorizes claims against the United States, to the same extent as a private party, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b); *see also* 28 U.S.C. § 2674. The waiver is subject to certain specific exceptions, such as for the "detention of goods." 28 U.S.C. § 2860(c). Section 2860(c) provides that the provisions of § 1346(b) do not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." The Supreme Court has broadly construed the language "arising in respect of" to mean any claim "arising out of" the detention of goods or property, including a claim resulting from negligent handling or storage of the detained property. *Kosak v. United States*, 465 U.S. 848, 854 (1984). The detention of goods exception is not limited to claims for damage caused by the detention itself. *See id.* This holding furthers Congress' intent that customs activities, as a class, not be disrupted by threat of suit. *Id.* at 858.

Plaintiff's negligence claim is based on personal injuries sustained while maneuvering her vehicle into a secondary inspection bay at a CBP port of entry. Because Plaintiff's injury "arises out of" the detention of the vehicle in which she was riding, her negligence claim falls squarely within the exception in § 2680(c). *See Goodman v. United States*, 987 F.2d 550, 551–52 (8th Cir. 1993) (finding routine customs inspection constitutes detention under § 2680(c)). The Ninth Circuit has held that the detention of goods exception bars personal injury claims arising from the detention of goods, regardless of whether they were intentional torts or grounded in negligence. *Gasho v. United States*, 39 F.3d 1420 (9th Cir. 1994); *see*

---

[1] Because Plaintiff dismisses her claim alleging a failure to train, supervise or instruct the officer, it is unnecessary to discuss Defendants' arguments based on Federal Rule of Civil Procedure 12(b)(6) and the discretionary function exception to the FTCA with respect to this claim. (Doc. 9).

- 3 -

*also Bramwell v. U.S. Bureau of Prisons,* 348 F.3d 804, 808 (9th Cir. 2003) (dismissing negligence claim where "alleged negligence resulting in damage occurred while [plaintiff's] personal property was detained"); *Rayes v. United States*, 967 F. Supp. 1162, 1164–65 (D. Ariz 1997) (dismissing negligent infliction of emotional distress claim under § 2680(c) where claim arose out of assessment or collection of tax).

In response, Plaintiff argues that this is not a typical detention of goods case because her injuries were independent from any detention and rather the result of her being "required to perform traffic control measures on behalf of the CBP." (Doc. 9). Plaintiff's argument is inconsistent with the Supreme Court's holding in *Kosak*, which requires the Court to consider whether her claim "arises out of" the detention of goods. 465 U.S. at 854. Plaintiff's negligence claim is based entirely on events that transpired when her vehicle was directed into a secondary inspection bay at the port of entry. Thus, Plaintiff's FTCA claim falls within the "detention of goods" exception to the FTCA's waiver of immunity.

In her response Plaintiff also argues that the vehicle was not being detained for inspection but was being moved to another bay to alleviate the back-up traffic. To the extent that Plaintiff now attempts to allege that her vehicle was not being detained at all, but was merely being redirected to open another traffic lane, she may not now amend her complaint through her response to the motion to dismiss.[2] In the Complaint, which is the operative pleading, Plaintiff alleges that "an incident occurred while a United States Border Patrol Officer guided a vehicle driven by Robert Boyd, into an inspection bay." (Doc. 1, ¶ 12). We interpret the Complaint according to its plain meaning and determine that it alleges that the vehicle was being directed into an inspection bay at the border patrol station.

Therefore, the United States retains its sovereign immunity against the claim stated in the Complaint and the Court dismisses this action for lack of subject matter jurisdiction.

---

[2] To the extent that Plaintiff now suggests that her vehicle was being detained in an inspection bay merely to improve traffic flow, it is not apparent based on the text of the statute that the detention had to arise for purposes of an inspection for the statute to be applicable.

- 4 -

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**. The Clerk of the Court is directed to terminate this action.

DATED this 5th day of January, 2011.

*G. Murray Snow*
G. Murray Snow
United States District Judge